[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10877

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

VINCENT CARNELL COLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cr-00144-TFM-N-1

_____

_____

No. 24-10878

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

VINCENT CARNELL COLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:14-cr-00211-TFM-C-1

_____

Before LAGOA, HULL, and WILSON, Circuit Judges.

PER CURIAM:

Vincent Cole appeals his conviction and 64-month prison sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Cole also appeals his 24-month

consecutive sentence imposed for violations of his conditions of supervised release in connection with his two previous carjacking and firearm convictions. Cole argues (1) his current firearm conviction should be reversed because § 922(g)(1) is unconstitutional under the Second Amendment; (2) his 64-month prison sentence is procedurally unreasonable for lack of adequate explanation by the district court; and (3) his consecutive revocation sentence of 24 months (on his carjacking and prior firearm convictions) is substantively unreasonable because the district court weighed aggravating factors too heavily.

After careful review, we affirm Cole's current firearm conviction, his 64-month sentence, and his consecutive 24-month revocation sentence.

## I. BACKGROUND

### A. 2014 Carjacking and Firearm Convictions

In 2014, Cole was charged with carjacking (Count 1) and possession of a firearm in connection with a crime of violence (Count 2). Cole pleaded guilty to both counts. The district court sentenced Cole to 121 months of imprisonment followed by 5 years of supervised release.

As conditions of his supervised release, the district court directed Cole, *inter alia*, not to possess a firearm or commit new crimes. In 2021, Cole was released from custody and began his 5-year term of supervised release.

## B. New Offense Conduct

On March 10, 2023, two Mobile, Alabama police officers conducted a traffic stop on a vehicle driven by Cole due to the vehicle's tinted windows. During the traffic stop, Cole opened the car's glove box to retrieve his insurance information. One of the officers then observed a Glock 19 handgun loaded with a magazine in the car's glove box. The officers twice asked Cole to get out of the car, but Cole refused. Cole instead drove away at a high rate of speed.

The officers pursued Cole for approximately 20 seconds through a residential area. As Cole tried to make a turn, he lost control of his car and crashed in a ditch. Cole initially exited the car, but he then dove back into the car headfirst through the driver's window.

The officers ordered Cole to get out of the car and warned Cole that they would shoot him because they thought he was reaching for the handgun in the glove box. Cole then exited the car with his hands raised. After a "brief struggle," the officers detained Cole.

The officers searched the car and recovered the loaded Glock 19 handgun. The officers also recovered prescription pill bottles, a digital scale, and 38.7 grams of marijuana.

## C. 2023 Indictment

In July 2023, a jury returned a new indictment charging Cole with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Cole moved to dismiss the indictment on the basis that § 922(g)(1) is facially unconstitutional under the Second Amendment. The district court denied Cole's motion to dismiss. Cole subsequently pleaded guilty without a plea agreement.

## D. Revocation Proceedings

In the meantime, with respect to Cole's 2014 convictions, Cole's probation officer filed a petition for revocation of Cole's supervised release. The petition alleged that Cole violated his supervised release conditions by possessing illegal drugs, committing a new crime, possessing a firearm, and failing to pay restitution. Cole waived his right to a revocation hearing and admitted to the allegations set forth in the petition.

## E. Presentence Investigation Report

The probation officer prepared a presentence investigation report ("PSI") for Cole's new 2023 conviction. The PSI calculated a base offense level of 20 based on Cole's violation of § 922(g)(1) subsequent to a prior felony crime-of-violence conviction. The PSI applied a four-level enhancement for possessing a firearm in connection with another felony offense. The PSI also applied a two-level enhancement for obstruction of justice. The PSI then

applied a three-level reduction for accepting responsibility and timely pleading guilty, resulting in a total offense level of 23.

The PSI then calculated a criminal history score of six. The PSI assigned: (1) three criminal history points for Cole's 2012 state convictions for breaking and entering into a vehicle and theft of property; and (2) three criminal history points for Cole's 2014 federal convictions for carjacking and possession of a firearm during a crime of violence.

Cole's six criminal history points resulted in a criminal history category of III. With a total offense level of 23 and a criminal history category of III, the PSI calculated Cole's advisory guideline imprisonment range to be 57 to 71 months. Neither Cole nor the government objected to the PSI's calculations.

The probation officer also filed a sentencing recommendation and recommended a mid-range guideline sentence of 64 months. The probation officer stated that a 64-month sentence would reflect the seriousness of the offense and meet the sentencing objectives of punishment, deterrence, and incapacitation.

### F. Sentencing and Revocation Hearing

The district court held a combined hearing to impose Cole's sentence for his 2023 firearm conviction and address the revocation of Cole's supervised release for his 2014 convictions. Beginning with Cole's 2023 firearm conviction, the district court adopted the PSI as written and found a total offense level of 23, a criminal

history category of III, and an advisory guideline imprisonment range of 57 to 71 months.

Cole requested a 60-month imprisonment sentence to run concurrently with his revocation sentence. Cole highlighted his efforts to reintegrate into society after spending ten years in prison. Cole described his work history and explained how he was taking care of his elderly grandmother and paying child support. Cole then addressed the district court personally. He apologized to his family, emphasized how well he had been doing on supervised release, and asked the court to show leniency and be fair in sentencing him.

The government also recommended a 60-month sentence, asserting that "the guidelines adequately capture[d] the conduct in this case." The government noted that there was a four-level enhancement for Cole's possession of a firearm in connection with another felony offense—Cole's possession of the marijuana, a digital scale, and bottles of prescription pills that the officers found in his car. The government also noted that there was a two-level obstruction enhancement for the officers' pursuit of Cole that occurred after the initial traffic stop. On the other hand, the government observed that Cole had accepted responsibility, was remorseful for his conduct, and understood the seriousness of the offense.

The district court sentenced Cole to 64 months' imprisonment. The district court found that "the advisory guidelines range is appropriate to the facts and circumstances of

this case and provides a reasonable sentence." While the district court did not elaborate further, the district court did ask if there was any objection to its 64-month sentence or to the manner in which it was pronounced. Neither party objected.

The district court then turned to the revocation of Cole's supervised release on his 2014 convictions. Cole requested only that any sentence run concurrently with his 2023 firearm sentence. The government recommended a 24-month revoked sentence on Count 1 (the carjacking conviction) and a 60-month revoked sentence on Count 2 (the prior firearm conviction), both to run concurrently with Cole's new 2023 firearm sentence.

The district court imposed 24-month revocation sentences on both 2014 convictions to run concurrently with each other but consecutively to Cole's new 2023 firearm sentence. The district court explained that running the revocation sentences on the 2014 crimes concurrently with the new 2023 firearm sentence "would not impress upon [Cole] . . . the seriousness with which [the court] expected [him] to take the term of supervision." The district court found that the revocation petition raised additional concerns beyond just the possession of a firearm. The district court noted that Cole drove away from the traffic stop at a high rate of speed, which "presented a grave risk of death or serious bodily injury and put other people's property at risk of being harmed." The district court stated that "these violations of the law had a particular degree of dangerousness that should be separately punished."

Cole objected, asserting that the 24-month revocation sentences were unreasonable under the 18 U.S.C. § 3553(a) factors. The district court overruled Cole's objection.

The district court entered judgments consistent with its oral sentences, and Cole timely appealed both judgments.

## II. DISCUSSION

### A. Constitutionality of § 922(g)(1)

On appeal, Cole challenges his § 922(g)(1) conviction on the ground that § 922(g)(1) unconstitutionally violates his Second Amendment right to keep and bear arms. Cole acknowledges that binding panel precedent forecloses his argument on the merits of the Second Amendment issue.

We review *de novo* the constitutionality of a statute. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). We also review *de novo* the district court's denial of a motion to dismiss an indictment on constitutional grounds. *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009).

Under the prior panel precedent rule, we are bound to follow a prior panel's holding unless and until it is overruled by the Supreme Court or by this Court sitting *en banc*. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). There is no exception to this rule based on an overlooked reason or argument or "a perceived defect in the prior panel's reasoning or analysis." *United States v. Hicks*, 100 F.4th 1295, 1300 (11th Cir. 2024) (quotation marks omitted). "For a Supreme Court decision to undermine

panel precedent to the point of abrogation, the decision must be clearly on point and *clearly contrary* to the panel precedent." *Edwards v. U.S. Att'y Gen.*, 97 F.4th 725, 743 (11th Cir. 2024) (quotation marks omitted). A Supreme Court decision must "demolish and eviscerate" each of a prior panel precedent's "fundamental props" to abrogate the prior panel opinion. *Del Castillo v. Sec'y, Fla. Dep't of Health*, 26 F.4th 1214, 1223 (11th Cir. 2022) (quotation marks and alterations omitted).

Here, as Cole concedes, our prior panel precedent rule forecloses his Second Amendment challenge. Starting in *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010), this Court held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment."

Following *Rozier*, the Supreme Court ruled unconstitutional New York's gun-licensing regime, which generally prohibited law-abiding citizens from carrying guns outside the home. *New York Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 8-10 (2022). Then, in *United States v. Rahimi*, 602 U.S. 680, 693 (2024), the Supreme Court upheld the constitutionality of § 922(g)(8), a different subsection that prohibits firearm possession by individuals subject to domestic violence restraining orders. Relatedly, the Supreme Court noted that regulations that forbid firearm possession by felons are "presumptively lawful." *Id.* at 699.

We are bound by the prior panel precedent rule to follow *Rozier*. That decision upheld the constitutionality of § 922(g)(1), and neither *Bruen* nor *Rahimi* came close to "demolish[ing] and

eviscerat[ing]" *Rozier*'s "fundamental props." *See Rozier*, 598 F.3d at 771; *Del Castillo*, 26 F.4th at 1223. Neither *Bruen* nor *Rahimi* cast any doubt whatsoever on felon-in-possession prohibitions. Further, *Rahimi*, which *upheld* the constitutionality of a subsection of the same statute as § 922(g)(1), made clear that regulations prohibiting firearm possession by convicted felons are "presumptively lawful." *Rahimi*, 602 U.S. at 693, 699.

Because we are bound to follow *Rozier*, we reject Cole's Second Amendment challenge and affirm his 2023 felon-in-possession conviction under § 922(g)(1).[1]

## B. Procedural Reasonableness

Cole raises two challenges to the reasonableness of his sentences. First, he argues that his 2023 firearm sentence of 64 months is procedurally unreasonable because the district court failed to adequately explain why it rejected the 60-month sentence both parties recommended.

Ordinarily, we review the reasonableness of a sentence for abuse of discretion under a two-step process. *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010). "We look first at whether the district court committed any significant procedural

---

[1] To the extent Cole asserts that § 922(g)(1) is unconstitutional as applied to him, his argument fails because, by pleading guilty, Cole admitted that he possessed a firearm and that he knew he was a convicted felon at the time of his arrest. *See Rehaif v. United States*, 588 U.S. 225, 237 (2019).

error and then at whether the sentence is substantively reasonable under the totality of the circumstances." *Id.*

When a defendant does not object to the procedural reasonableness of his sentence below, we review for plain error only. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014); *see also United States v. Steiger*, 99 F.4th 1316, 1321-22 (11th Cir. 2024) (en banc) (providing that an unpreserved argument that the district court failed to state its reasons for imposing a particular sentence is reviewed for plain error). Under plain-error review, a defendant must establish that (1) the district court erred; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Vandergrift*, 754 F.3d at 1307 (quotation marks and alteration omitted). An error for failing to adequately explain a sentence "warrants reversal under plain error review only when the district court's reasoning is unclear on the face of the record." *Steiger*, 99 F.4th at 1325.

A district court must state, at the time of sentencing, "the reasons for its imposition of the particular sentence," including "the reason for imposing a sentence at a particular point within the [guideline] range." 18 U.S.C. § 3553(c)(1). This explanation requirement serves "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007).

To adequately explain a sentence, a district court must "set forth enough to satisfy the appellate court that [it] has considered

the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). "[W]hen sentencing within the advisory Guidelines range, the district court is not required to give a lengthy explanation for its sentence." *United States v. Rodriguez*, 75 F.4th 1231, 1244 (11th Cir. 2023) (quotation marks omitted). "Circumstances may well make clear that the judge rests his decision upon the [Sentencing] Commission's own reasoning that the Guidelines sentence is a proper sentence." *Rita*, 551 U.S. at 357. If a party does not contest the guideline sentence, the district court "normally need say no more." *Id.*

Here, as an initial matter, we review Cole's challenge to the procedural reasonableness of his 64-month sentence for plain error. At sentencing, Cole did not object or claim that the district court inadequately explained its reasons for imposing the 64-month sentence. *See Vandergrift*, 754 F.3d at 1307; *Steiger*, 99 F.4th at 1321-22.

Based on our review of the sentencing hearing as a whole, we conclude that Cole has failed to carry his burden to show the district court committed plain error in imposing a 64-month sentence: the admitted middle of the uncontested advisory guidelines range. The district court began the hearing by adopting the PSI without objection, including the PSI's finding that the guidelines range was 57 to 71 months. Although both parties requested a lower end 60-month guidelines sentence, the probation officer recommended a 64-month sentence in the middle of the

advisory guidelines range. While the district court heard Cole's arguments in mitigation, it also heard the government's emphasis on the drugs and drug paraphernalia officers found in Cole's car and Cole's attempt to flee from the traffic stop. The district court allowed Cole to address the court personally. Ultimately, the district court expressly found that "the advisory guidelines range is appropriate to the facts and circumstances of this case and provides a reasonable sentence."

Because the district court imposed a within-guidelines sentence, it was "not required to give a lengthy explanation for its sentence." *Rodriguez*, 75 F.4th at 1244 (quotation marks omitted); *see also Rita*, 551 U.S. at 357. And this is particularly true here where the 64-month sentence was not low or high but in the middle of that range.

The record shows that the district court heard and considered the parties' arguments and the facts and circumstances of the case, as the district court later cited Cole's flight from the traffic stop in explaining why it was imposing a consecutive sentence upon revocation of Cole's supervised release. The district court's reasoning for imposing a 64-month sentence therefore is not "unclear on the face of the record." *Steiger*, 99 F.4th at 1325.

Accordingly, under the record as a whole in this case, Cole has failed to show the district court plainly erred in explaining its 64-month sentence.

24-10877                 Opinion of the Court                 15

## C. Substantive Reasonableness of Revocation Sentences

Cole also asserts that his 24-month consecutive prison sentence for violating his conditions of supervised release on his 2014 convictions is substantively unreasonable. He argues that the district court improperly gave too much weight to his attempt to flee from the officers.

We evaluate whether a sentence is substantively reasonable "given the totality of the circumstances and the sentencing factors set out in 18 U.S.C. § 3553(a)." *United States v. Boone*, 97 F.4th 1331, 1338 (11th Cir. 2024).[2] A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the sentencing guidelines range; (8) pertinent policy statements of the sentencing commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

*United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted).  The district court may "attach great weight" to any single factor or combination of factors.  *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013) (quotation marks omitted).

Here, the district court did not abuse its discretion in imposing a consecutive 24-month sentence for Cole's violations of supervised release on his carjacking and prior firearm convictions.[3] The district court permissibly focused on the dangerousness of Cole's conduct, noting that Cole fled the officers at a high rate of speed and endangered others.  The district court found that imposing a concurrent revocation sentence "would not impress upon [Cole] . . . the seriousness with which [the court] expected [him] to take the term of supervision."  The district court was entitled to "attach great weight" to these aggravating factors.  *See id.*

Cole emphasizes his acceptance of responsibility, his expression of remorse for his conduct, and his demonstrated respect for the law.  But the district court was not required to give dispositive weight to these mitigating factors—it was free to weigh Cole's aggravating factors more heavily.  *See Clay*, 483 F.3d at 743.

---

[3] Unlike Cole's procedural reasonableness challenge, we review his substantive reasonableness argument for abuse of discretion.  Cole preserved a substantive reasonableness challenge to his revocation sentences by advocating for a concurrent revocation sentence below.  *See Holguin-Hernandez v. United States*, 589 U.S. 169, 174-75 (2020).

Under the totality of the circumstances, we cannot say the district court committed a clear error of judgment in weighing the § 3553(a) factors and finding that a consecutive revocation sentence was necessary.  *See Boone*, 97 F.4th at 1338; *Irey*, 612 F.3d at 1189.

### III. CONCLUSION

We affirm Cole's new 2023 firearm conviction, his 64-month sentence, and his 24-month revocation sentence.

**AFFIRMED.**